Noel Knight, Esq.
SBN #223821
The Knight Law Group
800 J Street, #441,
Sacramento, CA 95814
Tel: 510-435-9210 – cell/text
Fax: 510-281-6889

Attorneys for Debtor…P & M Samra Land Investments, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>P&M SAMRA LAND INVESTMENTS, LLC<br><br>Debtor and Debtor-in-Possession. | Case No: 2015 – 29136-A-12<br><br>Chapter 12;   DCN: NCK-013<br><br>**DEBTOR'S MOTION FOR…**<br><br>**REQUEST FOR MODIFICATION**<br><br>**OF CONFIRMED PLAN**<br><br>Date: February 5, 2018<br>Time: 10:00 a.m.<br>Place: 501 I St., Courtroom 28,<br>Dept. A<br>Judge: Hon. Michael S. McManus |

Debtor P & M SAMRA LAND INVESTMENTS, LLC ("Debtor") by and through its undersigned attorney, hereby moves the Court, pursuant to 11 U.S.C. §1229 and F.R.B.P. 3015 and 9014, respectively, for an Order authorizing and approving the modification of Debtor's confirmed plan with regard to both…

   a. Property Tax Arrears;

   b. Payment Arrears to Trustee Jan Johnson & Ag-Seeds Unlimited.

DEBTOR'S MOTION FOR PLAN MODIFRICATION

1

## STATUS OF THE DEBTOR AND THE CONFIRMED PLAN

1. On March 29, 2017 the Debtor's Chapter 12 Plan was confirmed by this Court.

2. On or about April of 2017, the Debtor received a $1,000,000 fulfillment contract for organic corn from a major California organic poultry supplier.

3. On or about April 29, 2017, Debtor received a $441,000 operating loan from a Sacramento area agricultural development bank; First Northern Bank.

4. Since April of 2017, Debtor has been making plan payments to Trustee Jan Johnson.

5. Debtor's Plan was confirmed end of March 2017 and it secured its operating loan in April of 2017. As result, its corn planting was late in 2017 and its subsequent harvest is late and is still ongoing as of the filing of this motion.

6. Harvest proceeds are being used to pay off the operating loan. As soon as the operating loan is paid, First Northern will be both providing Debtor with a development loan almost twice the amount of its 2017 loan and will be moving to refinance the Debtor's Nicolaus property which will take care of all existing Chapter 12 creditors; See – **Exhibit A**; Letter from First Northern Bank.

7. Debtor is in arrears to its payments to the Trustee and other creditors as its' entire corn planting, shipment, and operating loan payment mechanism is delayed as result of circumstances beyond its control; nevertheless, everything is coming together and the Debtor needs additional time to get its payments back on track.

## PROPERTY TAXES

1. On or about October 25, 2017, counsel for Socotra Capital, Paul Cotter, contacted the counsel for Debtor, Noel Knight, by text, stating that the property taxes were in arrears and outstanding; in fact, they were in arrears prior to Plan Confirmation but were inadvertently left out of the Plan.

2. On or about October 25, 2017, Debtor's counsel contacted the Sutter County Tax Collector regarding establishing a payment plan; confirming that it could in fact be done for the Property. Subsequently, Mr. Knight advised Mr. Cotter that a payment plan was being established; Mr. Cotter advised he'd need a copy.

3. On or about October 31, Mr. Knight contacted Sutter County to get the payment plan established. The Tax Collector representative stated they would prepare and fax over an agreement for the Debtor's signature as soon as possible.

4. On or about November 1, 2017, Mr. Knight spoke with a representative of the Tax Collector who stated that they would fax a payment agreement as soon as possible for the Debtor's signature. Mr. Knight then contacted Mr. Cotter to advise that a payment plan was being established at which point Mr. Cotter advised that a payment plan was unacceptable and that Socotra had by fiat "advanced" the money to pay the taxes; See – **Exhibit B**… In fact, the next day, the very same Sutter Tax Collector representative spoken with by Mr. Knight the previous day called to advise him that sending a payment agreement would be moot as the taxes had been paid in full that day.

5. Counsel for the Debtor objected to Mr. Cotter as to the payment, advising him that Debtor could pay Sutter County, or Socotra for the taxes.

6. There was dead air from Socotra from that point until the enclosed Notice of Trustee Sale was received at the Property; an NOD was received in November and after that sale date was removed, a second NOD was received in December 2017; See – **Exhibit C**.

## PAYMENTS TO THE TRUSTEE

1. Debtor has been making monthly payments to the Trustee since April of 2017.

2. Debtor had end of year, December 2017 payments due to both the Trustee and Ag-Seeds Unlimited stipulated agreement

3. Debtor is in arrears as to the aforementioned payments to as its' entire corn harvest and shipment and operation loan payment mechanism is delayed as result of circumstances beyond its control, basically, late planting due to inclement weather and terribly wet ground; as described above in "Status of the Debtor."

## REQUEST TO THIS COURT

Debtor respectfully requests that this Court enter an Order which states…

1. Monthly payments to the Trustee will hence include a small pro rata payment of $500 to the Sutter County Tax Collector; with the monthly payment by Debtor to Trustee to be increased by this amount.

2. That the Debtor's schedule of payments to the Trustee be revised as follows…

    a. All payments previously scheduled for **December 2017** by either Plan or Stipulation be shifted to **March 15, 2018.**

## AUTHORITY FOR RELIEF REQUESTED

Pursuant to U.S.C §1229…

" (a) At any time after confirmation of the plan but before completion

    of payments under the plan, the plan may be modified, on request

    of the debtor, the Trustee, or the holder of an allowed unsecured

    claim, to…

1. Increase or reduce the amount of payments on claims of a particular class provided for by the plan;
2. Extend or reduce the time for such payment(s);
3. Alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan, or:
4. Provide for the payment of a claim described in section 1232 (a) that arose after the date on which the petition was filed."

In this instance, Debtor seeks not to decrease any payment to any class of creditor but rather seeks to adjust the timing and schedule of certain payments to said creditors and thus the relief requested is permissible under U.S.C §1127 (b). Furthermore, the Plan as modified also continues to meet the criteria as set forth in Sections 1121 through 1129 of the Bankruptcy Code since the only subsection of Section 1129 potentially impacted by the proposed modification is the "best interest" of creditor test; and with this proposed modification, Debtor seeks not to change any creditor payment amount but only seeks to ensure continued payment to the creditors.

**CONCLUSION**

For the reasons stated above, the Reorganized Debtor respectfully requests that this Court enter an Order approving the requested Plan Modification.

                    s/s   Noel Knight

                    _____
                    Noel Knight
                    Attorney for…
                    P & M Samra Land Investments LLC