Noel Knight, Esq.
SBN #223821
The Knight Law Group
800 J Street, #441,
Sacramento, CA 95814
Tel: 510-435-9210 – cell/text
Fax: 510-281-6889

Attorneys for Debtor…P & M Samra Land Investments, LLC

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>P&M SAMRA LAND INVESTMENTS, LLC<br><br>Debtor and Debtor-in-Possession. | Case No: 2015 – 29136-A-12<br><br>Chapter 12;   DCN: NCK-014<br><br>**DEBTOR'S MOTION FOR REQUEST FOR CONFIRMATION OF THE FIRST MODIFIED PLAN**<br><br>Date: February 20, 2018<br>Time: 10:00 a.m.<br>Place: 501 I St., Courtroom 28,<br>Dept. A; Hon. Michael S. McManus |

Debtor P & M SAMRA LAND INVESTMENTS, LLC ("Debtor") by and through its undersigned attorney, hereby moves the Court, pursuant to 11 U.S.C. §1229 and F.R.B.P. 3015 and 9014, respectively, for an Order authorizing and approving the modification of Debtor's confirmed plan with regard to both…

    a. Payment Arrears to Trustee Jan Johnson & Ag-Seeds Unlimited.

    b. Payment by Socotra Capital of tax arrears with Sutter County.

    c. The "Property"  is located at 4604 Garden Highway, Nicolaus, California.

## STATUS OF THE DEBTOR

1. On March 29, 2017 the Debtor's Chapter 12 Plan was confirmed by this Court.

2. On or about April of 2017, the Debtor received a $1,000,000 fulfillment contract for organic corn from a major California organic poultry supplier.

3. On or about April 29, 2017, Debtor received a $441,000 operating loan from a Sacramento area agricultural development bank; First Northern Bank.

4. Since April of 2017, Debtor has been making plan payments to Trustee Jan Johnson.

5. Debtor's Plan was confirmed end of March 2017 and it secured its operating loan in April of 2017. As result, its corn planting was late in 2017 and its subsequent harvest is late and is still ongoing as of the filing of this motion.

6. Harvest proceeds are being used to pay off the operating loan. As soon as the operating loan is paid, First Northern will be both providing Debtor with a development loan almost twice the amount of its 2017 loan and will be moving to refinance the Debtor's Nicolaus property which will take care of all existing Chapter 12 creditors; See – **Exhibit A**; Letter from First Northern Bank.

7. Debtor is in arrears to its payments to the Trustee and other creditors as its' entire corn planting, shipment, and operating loan payment mechanism is delayed as result of circumstances beyond its control; nevertheless, everything is coming together and the Debtor needs additional time to get its December 2017 payments satisfied.

### PAYMENTS TO THE TRUSTEE & AG - SEEDS UNLIMITED

1. Debtor has been making monthly payments to the Trustee since April of 2017.

2. Debtor had end of year, December 2017 payments due to both the Trustee and by stipulation to Ag-Seeds Unlimited.

3. Debtor is in arrears as to the aforementioned payments to as its' entire corn harvest and shipment and operation loan payment mechanism is delayed as result of circumstances beyond its control, basically, late planting due to inclement weather and terribly wet ground; as described above in "Status of the Debtor."

4. Debtor has made its January and February 2018 payments to the Trustee.

### PAYMENT OF SUTTER COUNTY TAX ARREARS

1. On October 31, 2018, creditor Socotra Capital, et. al advanced payment for property tax arrears lodged at Sutter County in the amount of $30,120.80, said payment resulting in a NOD on the Property as generated by said creditor.

2. Debtor shall pay directly to Socotra the entirety of its tax payment made to Sutter County on behalf of the Debtor before or by March 26, 2018. Upon confirmation of the First Modified Plan, Socotra will not enforce its foreclosure authority over the Property pending receipt of said payment; and will stipulate to the same. Upon receipt of said payment, Socotra will remove the NOD and place the property in good standing as against any potential foreclosure action by Socotra based on the October 31, 217 tax arrears payment.

DEBTOR'S MOTION FOR CONFIRMATION OF FIRST AMENDED PLAN

## REQUEST TO THIS COURT

Debtor respectfully requests that this Court enter an Order which states…

1. That the Debtor's schedule of payments to the Trustee be revised as follows…

    a. All payments previously scheduled for **December 2017** by either Plan or Stipulation are hereby shifted to **March 26, 2018.**

    b. Debtor shall pay directly to Socotra the entirety of its tax payment made to Sutter County on behalf of the Debtor on October 31, 2017 before or by March 26, 2018. Upon confirmation of the First Modified Plan, Socotra will not enforce its foreclosure authority over the Property pending receipt of said payment; and will stipulate to the same. Upon receipt of said payment, Socotra will remove the NOD and place the property in good standing as against any potential foreclosure action by Socotra based on the October 31, 2017 tax arrears payment.

    c. Debtor itself will handle all property tax issues regarding the Property including the authority to establish payment plans for tax arrears with the Sutter County Tax Collector.

## AUTHORITY FOR RELIEF REQUESTED

Pursuant to U.S.C §1229…

" (a) At any time after confirmation of the plan but before completion of payments under the plan, the plan may be modified, on request of the debtor, the Trustee, or the holder of an allowed unsecured claim, to…

1. Increase or reduce the amount of payments on claims of a particular class provided for by the plan;
2. Extend or reduce the time for such payment(s);
3. Alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan, or:
4. Provide for the payment of a claim described in section 1232 (a) that arose after the date on which the petition was filed."

In this instance, Debtor seeks not to decrease any payment to any class of creditor but rather seeks to adjust the timing and schedule of certain payments to said creditors and thus the relief requested is permissible under U.S.C §1127 (b). Furthermore, the Plan as modified also continues to meet the criteria as set forth in Sections 1121 through 1129 of the Bankruptcy Code since the only subsection of Section 1129 potentially impacted by the proposed modification is the "best interest" of creditor test; and with this proposed modification, Debtor seeks not to change any creditor payment amount but only seeks to ensure continued payment to the creditors.

## FEASIBILITY

The Debtor's bank, First Northern Bank based in Woodland, is fully behind the Debtor's goals and activities and is putting its money where its mind is by providing the Samra Family with an 2nd Operating Loan almost twice the value of the first. As of this date, enough organic corn has been shipped to buyers to satisfy Loan #1 and also as of this date, First Northern is working with the Samras to finalize the 2018 operating loan budget the money from which will be on line and available in time to timely make all the critical payments listed in this proposal.

Although the Debtor's First Northern bank representative is not allowed to provide this court with definitive sign off on final terms until his superior signs off on the numbers, Mr. Peyret has provided a letter detailing the bank's intent and we expect an updated version of this missive to find its way to the Court's file prior to the February 20, 2018 hearing.

## CONCLUSION

For the reasons stated above, the Reorganized Debtor respectfully requests that this Court enter an Order approving the requested Plan Modification.

s/s Noel Knight

_____
Noel Knight
Attorney for…
P & M Samra Land Investments LLC

DEBTOR'S MOTION FOR CONFIRMATION OF FIRST AMENDED PLAN

6