Noel Knight, Esq.
SBN #223821
The Law Offices of Noel Knight
800 J Street, #441,
Sacramento, CA 95814
Tel: 510-435-9210 – cell/text
Fax: 510-281-6889

Attorneys for Debtor…

P & M Samra Land Investments, LLC

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION**

| | |
|---|---|
| IN RE:<br><br>P&M SAMRA LAND INVESTMENTS, LLC<br><br>Debtor and Debtor-in-Possession. | **Case No: 2015 – 29136-A-12**<br><br>**DCN: NCK-014**<br>**( CORRECTED)…**<br>**FIRST MODIFED CHAPTER 12 PLAN, DATED FEBRUARY 6, 2018 SUBMITTED AS PER REQUEST FOR CONFIRMATION THEREOF** |

Debtor P & M SAMRA LAND INVESTMENTS, LLC (the "Debtor") of Nicolaus, California by and through their undersigned attorney, hereby submits this (Corrected) First Modified Chapter 12 Plan of Reorganization (the "Plan") pursuant to 11 U.S.C § 1221 and § 1229, respectively.

Commentary on **feasibility**, **declarations of experts**, and **exhibits** and **data** supporting Debtor's contentions that the Plan is feasible shall be set forth in the Debtor's Motion to Confirm the First Modified Plan.

**SUBMISSION OF INCOME**

Debtor is a family owned limited liability company with regular income from farming operations and is eligible to be a debtor under Chapter 12 of Title 11 of the United States Code (the "Bankruptcy Code"). Debtor filed its voluntary petition under Chapter 12 of the Bankruptcy Code on November 24, 2015 (the "Petition Date"). Debtor submits to the supervision and control of the Chapter 12 trustee (the "Trustee") the amounts set forth herein from the Debtor's future disposable income from its farming operations as required for performance of this Chapter 12 Plan. Debtor will be able to make all payments under this Chapter 12 and will be able to otherwise comply with this Chapter 12 Plan. Debtors shall move the Court for approval of a period of Plan payments lasting for five years, pursuant to 11 U.S.C. § 1222(c).

**ARTICLE I.**

**CLASSIFICATION AND TREATMENT OF CLAIMS**

1.01. Class 1. Administrative Expense Claims

1.02. Class 2. Other Priority Claims

1.03. Class 3. The claim of Socotra Fund, LLC and its assignees Petit Revocable Trust and Gary E. Roller Profit Sharing Plan (1st DOT), as to 4604 Garden Highway, Nicolaus, California, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.04. Class 4. The claim of IRA Services Trust Company CFBO Shankutala D. Saina IRA Account No. 286181 (2nd DOT), as to 4604 Garden Highway, Nicolaus, California, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.05. Class 5. The claim of Scott Chau (3rd DOT), as to 4604 Garden Highway, Nicolaus, California, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.06. Class 6. The claim of the Thiel Family Trust (4th DOT), as to 4604 Garden Highway, Nicolaus, California, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.07. Class 7. The claim of Mural Media, LLC 401k and CEL Holding, LLC as to Debtor's two D9 Caterpillar tractors, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.08. Class 8. The claim of AG-Seeds Unlimited (Judgment Lien) as to 4604 Garden Highway, Nicolaus, California, to the extent the allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.09. Class 9. All unsecured Claims which are not administrative claims, priority claims or are not otherwise separately classified. This Class includes the portion of claims secured by property of the estate, to the extent the allowed amount of such claims exceeds the value of the property securing the estate.

1.10. Class 10. Debtor's ownership interests.

## ARTICLE II.

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows:

2.01. Class 1: Administrative Claims. Class 1 shall include all costs and expenses incurred by Debtors during the course of this bankruptcy proceeding, to the extent allowable under 11 U.S.C. § 503 and entitled to priority under 11 U.S.C. § 507(a)(2), including the fees of the Chapter 12 (the "Trustee"). The administrative claims include the fees and expenses of the professionals employed in this case, including the Debtor's attorney. The Class 1 administrative claims shall be paid in full upon the entry of a final order approving such claims.

2.02. Class 2: Other Priority Claims. Class 2 shall include all allowed claims entitled to priority pursuant to 11 U.S.C. § 507 other than Class 1 administrative claims. Class 2 includes (1) the portion of the claims of the State of California Franchise Tax Board entitled to priority status in the total amount of $2,513.86, (2) the claim of Brady Ancil Campbell, Jr. in the amount of $6,170.00, (3) the claim of Erica Marie Guerin in the amount of $2,400.00, (4) the claim of Charles Ortiz in the amount of $3,890.00, and (5) any other claims entitled to priority status.

On or before December 25, 2017, the Debtor shall pay to the Trustee $16,471.25 inclusive of the Trustee fee applicable to such payment, to be applied as payment in full of all allowed priority claims; with the December 25, 2017 payment hereby shifted to March 26, 2018.

2.03. Class 3: Socotra Fund, LLC. Class 3 consists of the secured claim of Socotra Fund, LLC and its assignees Petit Revocable Trust and the Gary E. Roller Profit Sharing Plan (collectively, "Socotra") secured by a first priority deed of trust on Debtor's real property commonly known as 4604 Garden Highway, Nicolaus, California (the "Nicolaus Property" or, the "Property"). The Class 3 claim of Socotra is fully secured and is in the estimated amount of $1,197,474.29, as of the date of filing of Socotra's proof of claim. Interest on the outstanding principal balance of $1,000,000.00 shall accrue from and after the Effective Date of the Plan at the rate of 7.50% per annum (Prime plus 4% upward adjustment for risk). Beginning on the 25th day of the month following the month in which the Effective Date of the Plan occurs and on the 25th day of each month thereafter, Debtor shall make interest-only payments to the Trustee in the amount of $6,875.00 each, inclusive of the Trustee fee applicable to such payment, to be applied to Socotra's Class 3 secured claim for three (3) years following the Effective Date of the Plan. A **balloon payment** of the entire amount of principal, interest, and any other charges due under the terms of the Note and Deed of Trust held by Socotra – except those terms of the Note and Deed of Trust that are expressly altered under this Plan - on the third (3rd) anniversary of the Effective Date of the Plan (including interest that has accrued during the pendency of this case, at the non-default contract rate of 17.00% per annum) shall be paid to Socotra directly by the Debtor on or before such date. **Socotra shall retain its lien on the Nicolaus Property and such lien shall not be affected in any way by the Plan.**

2.03 a. Debtor shall pay directly to Socotra the entirety of its tax payment made to Sutter County on behalf of the Debtor on October 31, 2017, on or before March 26, 2018. Upon confirmation of the First Modified Plan, Socotra will not enforce its foreclosure authority over the Property pending receipt of said payment; and will stipulate to the same. Upon receipt of said payment, Socotra will remove the NOD and place the property in good standing as against any potential foreclosure action by Socotra based on the October 31, 2017 tax arrears payment.

2.03b As of the confirmation of the First Modified Plan, Debtor itself will handle all property tax issues regarding the Property including the establishment of payment plans for tax arrears with the Sutter County Tax Collector.

2.04. Class 4: Shankutala D. Saini. Class 4 consists of the secured claim of IRA Services Trust Company CFBO Shankutala D. Saini IRA Account No. 286181 ("Saini") secured by a second priority deed of trust on the Nicolaus Property. The claim of Saini is fully secured and is in the estimated amount of $154,557.20. Interest on the outstanding principal balance of $150,000 shall accrue from and after the Effective Date of the Plan at the rate of 8.50% per annum (Prime plus 5% upward adjustment for risk). On or before December 25th of each year of plan performance (beginning in December 2017), Debtor shall make interest-only payments to the Trustee in the amount of $14,025.00 each to be applied to Saini's Class 4 second claim for five (5) years following the Effective Date of the Plan; with the December 25, 2017 payment hereby shifted to March 26, 2018.

A **balloon payment** of the entire amount of principal and interest that remains owing to Saini on her Class 4 claim on the fifth (5th) anniversary of the Effective Date of the Plan (including interest that has accrued during the pendency of this case, at the contract rate of 19.00% per annum) shall be paid to Saini directly by the Debtor on such date.

**IRA Services shall retain its lien on the Nicolaus Property and such lien shall not be affected in any way by the Plan.**

2.05. Class 5: Scott Chau. Class 5 consists of the secured claim of Scott Chau, which is secured by a third priority deed of trust on the Nicolaus Property. The claim of Scott Chau is fully secured and is in the estimated amount of $200,000.00. Interest on the outstanding principal balance of $200,000 shall accrue from and after the Effective Date of the Plan at the rate of 6.50% per annum (Prime plus 3% upward adjustment for risk). On or before December 25th of each year of plan performance (beginning in December 2017), Debtor shall make interest-only payments to the Trustee in the amount of $14,300.00 each to be applied to Class 5 for five (5) years following the Effective Date of the Plan; with the December 25, 2017 payment hereby shifted to March 26, 2018.

A balloon payment of the entire amount of principal and interest that remains owing to Scott Chau on his Class 5 claim on the fifth (5th) anniversary of the Effective Date of the Plan (including interest that has accrued during the pendency of this case, at the contract rate of 12.00% per annum) shall be paid to Scott Chau directly by the Debtor on such date.

**Scott Chau shall retain his lien on the Nicolaus Property and such lien shall not be affected in any way by the Plan.**

2.06. Class 6: Thiel Family Trust. Class 6 consists of the secured claim of the Thiel Family Trust, which is secured by a fourth priority deed of trust on the Nicolaus Property. The claim of the Thiel Family Trust is fully secured and is in the estimated amount of $528,080.00. Interest on the outstanding principal balance of $448,000 shall accrue from and after the Effective Date of the Plan at the contract rate of 5.50% per annum. On or before December 25th of each year of plan performance (beginning in December 2017), Debtor shall make interest-only payments to the Trustee in the amount of $27,148.00, inclusive of the Trustee fee applicable to such payment, to be applied to the Thiel Family Trust's Class 6 secured claim for five (5) consecutive years following the Effective Date of the Plan; with the December 25, 2017 payment hereby shifted to March 26, 2018.

A **balloon payment** of the entire amount of principal and interest that remains owing on the fifth anniversary of the Effective Date of the Plan (including interest that has accrued during the pendency of this case, at the contract rate of 5.50% per annum) shall be paid to the Thiel Family Trust directly by the Debtor on or before such date. **The Thiel Family Trust shall retain its lien on the Nicolaus Property and such lien shall not be affected in any way by the Plan.**

2.07. Class 7: Mural Media, LLC 401k and CEL Holding, LLC . Class 7 consists of the secured claim of Mural Media, LLC 401k and CEL Holding, LLC (collectively, "Mural Media") secured by a security interest in Debtor's two D9 Caterpillar tractors. Mural Media's claim in the amount of $26,624.60 shall be deemed fully secured and Debtor proposes to reamortize such amount over fifteen (15) years at an interest rate of 6.50% per annum; (Prime plus 3% upward adjustment for risk), which shall accrue from and after the Effective Date of the Plan. Within fifteen (15) days of the Effective Date of the Plan, Debtor shall make a payment of principal and interest in the amount of $3,061.47 to the trustee to be applied to the Class 7 claim. Thereafter, Debtor shall make annual principal and interest payments to the Trustee to be applied to the Class 7 claim in the amount of $3,061.47, inclusive of the Trustee fee applicable to such payment, per year or on or before December 25th of each year of Plan performance for five (5) consecutive following the Effective Date of the Plan; with any expected December 25, 2017 payment hereby shifted to March 26, 2018.

A balloon payment of the entire amount of principal and interest that remains owing as of such date shall be due to Mural Media on the fifth anniversary of the Effective Date of the Plan. Debtor shall make such payment to Mural Media directly. **Mural Media shall retain its lien on Debtor's two D9 Caterpillar tractors and such lien shall not be affected in any way by the Plan.**

2.08. Secured Claim of AG-Seeds Unlimited. Class 8 consists of the secured claim of AG-Seeds Unlimited ("AG-Seeds") which is (or shall be) secured by a judgment lien on the Nicolaus property. The Class 8 Claim of AG-Seeds is fully secured and is in the amount of $170,000.00. AG-Seeds' Class 8 secured claim shall not accrue interest. On or before January 31, 2017, Debtor shall pay $20,000 directly to AG-Seeds to be applied to its Class 8 secured claim. Thereafter, Debtor shall pay $30,000 directly to AG-Seeds, on or before December 15, during each year of Plan performance for five (5) consecutive years beginning in December 2017; with the December 15, 2017 payment hereby shifted to March 26, 2018.

The Class 8 secured claim of AG-Seeds shall be paid in full, without interest, no later than December 15, 2022. **AG-Seeds shall retain its lien on the Nicolaus property and such lien shall not be affected in any way by the Plan**.

2.09 Class 9: Allowed Unsecured Claims. Class 8 shall include all allowed general unsecured claims for which a proof of claim has been filed prior to the claims bar date, as well as the portions of secured claims not entitled to secured status and the nonpriority unsecured portions of tax claims. The aggregate amount of Class 9 claims is $1,070.72.

On or before December 25, 2017, Debtor shall make payment to the Trustee in the amount of $1,177.79, inclusive of the Trustee fee applicable to such payment, to be applied as payment in full to the Class 9 allowed secured claims; with the December 25, 2017 payment hereby shifted to March 26, 2018.

**ARTICLE III.**

**PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

3.01. Assumed Executory Contracts and Unexpired Leases. On the Effective Date of the Plan, the following land leases will be assumed pursuant to 11 U.S.C. § 1222(b)(6):

1. Residential Lease with Mike Thiel, dated as of May 2013.

3.02. Rejected Executory Contracts and Unexpired Leases. The Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases not expressly assumed on or prior to the Effective Date of the Plan. Any party claiming damages from a rejected executory contract or unexpired lease shall file a proof of claim within 30 days of the Effective Date of the Plan.

**ARTICLE IV.**

**IMPLEMENTATION OF THE PLAN**

4.01. Means for Implementation of the Plan. Debtor shall implement the Plan by continuing its farming operations on the Nicolaus Property, which shall consist of farming organic corn, organic winter wheat, organic dry beans, organic alfalfa and organic tomatoes. Debtor's affiliate, Stone Lake Farm Enterprises, Inc., which also farms organic corn, shall also contribute funds to Debtor's Plan, if and to the extent necessary. The funds necessary for implementing the Plan shall be derived from such farming operations and may also be available from debtor's state court claim against Paul Hundal. Debtor submits financial projections attached hereto as **Exhibit A**. Plan payments shall be made to the Trustee and disbursed on Claims on a annual or monthly basis, as applicable, in the manner set forth above.

4.02. Retention and Enforcement of Claims. Debtor may, from and after the Effective Date of the Plan, act to enforce all claims of any kind held by the Estate.

4.03. Objections to Claims and Estimation of Claims. The Debtor shall retain authority, from and after the Effective Date of the Plan, to file objections to any Claims filed in this proceeding and the Court shall retain jurisdiction, from and after the Effective Date of the Plan, to hear all of such objections. Any such objections to claims shall be filed within 60 days of the Effective Date of the Plan. Debtor has already filed an objection to the claim of AG-Seeds Unlimited and anticipates objecting to the claim of Paul Hundal.

**ARTICLE V.**

**LIQUIDATION ANALYSIS**

In accordance with 11 U.S.C. § 1225(a)(4), the value, as of the Effective Date, of the property to be distributed pursuant to the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the Estate were liquidated under Chapter 7 of the Bankruptcy Code. The Plan anticipates payment in full of all allowed unsecured claims, therefore the Plan satisfies the requirements of Section 1225(a)(4).

**ARTICLE VI.**

**GENERAL PROVISIONS**

6.01. Confirmation Procedure. If no timely objection to confirmation of the Debtor's Plan is filed with the Court and served upon Debtor's attorney, the Court may confirm this Chapter 12 Plan without further notice.

6.02. Effective Date. The Effective Date of the Plan shall be the date on which the Court's Order confirming the Plan becomes final.

6.03. Binding Effect. The rights and obligations of any entity named or referred to in this Plan, following confirmation, shall be binding upon and shall inure to the benefit of the successors or assigns of such entity.

6.04. Revesting. Property of the Estate shall revest in the Debtor upon the Effective Date of the Plan.

6.05. Discharge. After the Debtor completes all payments required by the Plan, which shall occur approximately 5 years after the Effective Date of the Plan, Debtor shall be discharged from any and all debts that arose prior to the confirmation of this Plan, as provided under 11 U.S.C. § 1228(a).

6.06. Amendments. As provided under 11 U.S.C.§ 1223, the Plan may be modified by the Debtor at any time prior to confirmation. Debtor may also request modification of the Plan after the Effective Date pursuant to 11 U.S.C. § 1229.

6.07. Payment Amounts. The actual payments to be made under this Plan shall be based upon the allowed amounts of each claim. The claim amounts reflected herein are estimates based on information available to the Debtors. Pursuant to 11 U.S.C. § 502(b), the allowed amount of each claim will be the amount reflected in the Proof of Claim to which no objection is filed. If an objection to a claim is filed by the Debtor, the allowed amount shall be the amount determined by a final order of the Court.

6.08. Remedies Upon Default. If Debtor defaults under this Plan, the Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, dismissal of the case or relief from the automatic stay to pursue rights against collateral. If the court terminates the automatic stay to permit a secured claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such secured claim.. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 8 unsecured claim subject to the timely filing of a proof of claim.

6.09. Retention of Jurisdiction. The Court shall retain jurisdiction and have all authority to enforce and interpret the Plan, as provided under the applicable provisions of the Bankruptcy Code.

Respectfully Submitted,

Dated: February ~~August~~ 6 ~~22~~, 2018 ~~2016~~ LAW OFFICES OF NOEL KNIGHT

By: /s/ Noel Knight
Noel Knight
Attorney for the Debtor

Dated: February ~~August~~ 6 ~~22~~, 2018 ~~2016~~

By: /s/ Manjit ~~Paul~~ Samra
Managing Member of Debtor P&M Samra Land Investments, LLC